# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSES J. WILLIAMS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-343-LPS |
| STATE OF DELAWARE, et al., | : |
| Defendants. | : |

Moses J. Williams, Middletown, Delaware, Pro Se Plaintiff.

# MEMORANDUM OPINION

July 30, 2015
Wilmington, Delaware

{signature}

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Moses J. Williams ("Plaintiff"), filed this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND[1]

Plaintiff alleges violations of the First, Fourth, Fifth, Six, Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution, occurring between July 29, 2013 and February 16, 2015 at the Howard R. Young Correctional Institution ("HRYCI") and the New Castle County Court of Common Pleas, both in Wilmington, Delaware. Plaintiff is black and a practicing Muslim who wears Muslim attire.

On July 29, 2013, Plaintiff was at a 7-Eleven convenience store eating breakfast when he was questioned by Defendant Delaware State Police Officer Cpl. William T. Harris ("Harris"). Plaintiff asked Harris if he was under arrest and Harris said, "no." (D.I. 2 at ¶ 2) Plaintiff alleges that Harris forcibly grabbed him, placed him in handcuffs, and slammed him on the hood of the car. Plaintiff alleges that he did not resist and believes that he was being harassed and discriminated against because of his race, religion, and religious dress.

Plaintiff was taken to Delaware State Police Troop 2 Headquarters in Newark, Delaware. There, he was insulted by other officers, fingerprinted, and thrown in a cell. A few hours later, Plaintiff was taken to the Court of Common Pleas in Wilmington, Delaware, charged with resisting arrest and loitering, and bail was set. Plaintiff had a previous unpaid fine on his record and the

---

[1] This Background is based on taking all of the well-pleaded factual allegations in the complaint as true, as the Court must at this stage of the proceedings.

1

presiding judge released Plaintiff after he agreed to pay the fine in monthly installments. Plaintiff was then taken to the HRYCI where he remained until August 2, 2013, when he posted bail. Plaintiff alleges that while at the HRYCI, he was housed in an over-populated gym, slept on the floor, and was denied the right to practice his religion through fasting.

Upon his release, Plaintiff was advised by the 7-Eleven store clerk that Harris had sought the store's surveillance tape. Plaintiff was told to speak to 7-Eleven owner Defendant Shakeeb Mahasneh ("Mahasneh"). Plaintiff alleges that this is when he realized that Harris was "trying to destroy evidence." (*Id.* at ¶ 9) Mahasneh told Plaintiff that the digital database was good for twelve months. Plaintiff was assured by Mahasneh that the tape would be available only with a legally binding court order. Plaintiff alleges that the video is missing, the store clerk and Mahasneh were intimidated, the store clerk refused to show up in court, and it was Plaintiff's word against the police officers. Plaintiff alleges that Mahasneh told Plaintiff's attorney that he and the store clerk were no longer willing to cooperate in the investigation. The matter went to trial, and Plaintiff was acquitted on February 16, 2015.

Plaintiff alleges that during the 18-month time-frame he had a different attorney, judge, and prosecutor at every court appearance and he was always starting back at the beginning and making no progress. Plaintiff alleges that the events caused mental anguish, post-traumatic stress, emotional distress, loss of wages, loss of liberty, embarrassment, and defamation. Plaintiff seeks compensatory and punitive damages. In addition, Plaintiff seeks an order that: (1) arrests should not be made without probable cause; (2) force should only be used when necessary and warranted by the circumstances; (3) officers have an obligation to be truthful when completing arrest reports; (4) persons should not be arrested based upon religious belief, practice, lineage, family, race, or heritage without probable cause; (5) no person questioned by a law enforcement officer should be

2

placed in handcuffs and arrested or imprisoned after the officer confirms that the subject is not under arrest and after the subject asks the officer of his status; (6) inmates should not be denied the free practice of religious rights; (7) inspection be required of all Delaware prison facilities and the living conditions of all inmates; (8) the Delaware judicial system be updated; and (9) disciplinary action be imposed against all Defendants.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

3

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States*

4

*Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### A. Personal Involvement

The Complaint names as Defendants Colonel Nathaniel McQueen ("McQueen"), Warden Steven Wesley ("Wesley"), former Attorney General Beau Biden ("Biden"), and current Attorney General Matt Denn ("Denn"). A defendant in a § 1983 action "must have personal involvement in the alleged wrongs," which can be shown by "allegations of personal direction." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The Complaint contains no allegations against McQueen, Wesley, Biden, or Denn. In addition, it appears that Plaintiff relied on the supervisory roles of Wesley, Biden, and Denn in naming them as defendants, but liability under § 1983 cannot be based solely on a theory of respondeat superior. *Wright v. Warden, Forest SCI*, 582 F. App'x 136, 137 (3d Cir. Nov. 17, 2014) (citing *Rode*, 845 F.2d at 1207).

Therefore, McQueen, Wesley, Denn, and Biden will be dismissed as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as the claims against them are legally frivolous.

### B. State Actors

Named as Defendants are 711 Store No. 22003 ("7-Eleven") and Mahasneh, its owner. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled in part on other grounds by *Daniels v. Williams*, 474 U.S.

5

327, 330-31 (1986)). To act under "color of state law," a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

Mahasneh is a private individual who owns the 7-Eleven where Plaintiff was arrested. Neither Defendant is "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004). Nor is the 7-Eleven a person, as is required under § 1983.

The claims against 7-Eleven and Mahasneh have no arguable basis in law or in fact and the claims against them will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### C. Eleventh Amendment Immunity

Plaintiff has named as Defendants the State of Delaware ("State of Delaware"), the Delaware State Police ("State Police"), the HRYCI, and the Delaware Department of Justice ("DDOJ"). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, the State of Delaware and its agencies, the State Police, the DDOJ, and the HYRCI (which falls under the umbrella of the Delaware Department of Corrections) are entitled to immunity under the Eleventh Amendment.

The claims against the State of Delaware, the State Police, the HYRCI, and the DDOJ have no arguable basis in law or in fact as these Defendants are immune from suit, so the claims against them will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### D. 42 U.S.C. §§ 1985 and 1986

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy of two or more persons; (2) motivated by racial or class-based discriminatory animus designed to deprive,

directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or to the deprivation of any right or privilege of a citizen of the United States." *Petrossian v. Collins*, 479 F. App'x 409, 410 (3d Cir. May 8, 2012) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)).

The Supreme Court has interpreted § 1985(3) and the second clause of § 1985(2) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). "[I]ntent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 726. Plaintiff fails to state a cause of action for conspiracy under § 1985. The Complaint fails to allege any facts from which one could infer an agreement or understanding among Defendants to violate Plaintiff's constitutional rights.

Plaintiff fails to state a claim under § 1986. A cognizable 42 U.S.C. § 1985 claim is a prerequisite to stating a claim under § 1986. *See Robison v. Canterbury Vill., Inc.*, 848 F.2d 424, 431 n.10 (3d Cir. 1988); *Brawer v. Horowitz*, 535 F.2d 830, 841 (3d Cir. 1976). Because Plaintiff failed to properly plead a § 1985 violation under any viable legal theory, the Court will also dismiss his § 1986 claim.

Accordingly, the Court will dismiss the claims raised under § 1985 and § 1986 as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### E. Conditions of Confinement

Plaintiff alleges that during his four-day stay at the HRYCI, he was housed in an over-populated gym and slept on the floor. Because Plaintiff was a pretrial detainee, the claim is analyzed under the Fourteenth Amendment. "In evaluating the constitutionality of conditions or restrictions

7

of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, [] the proper inquiry is whether those conditions amount to punishment of the detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnotes omitted).

The Court views the Complaint to determine whether Plaintiff sufficiently alleges that the conditions of pretrial confinement constituted punishment without due process. *See Southerland v. County of Hudson*, 523 F. App'x 919, 921 (3d Cir. May 10, 2013). Pretrial detainees do not have a right to be free from being housed with other inmates. *See Hubbard v. Taylor*, 538 F.3d 229, 236 (3d Cir. 2008). Further, a pretrial detainee has no right to be free from sleeping on a mattress placed on the floor. *See Hubbard*, 538 F.3d at 236. Finally, the Complaint points to no individual who allegedly violated Plaintiff's constitutional rights. The Court is mindful, however, that conditions of confinement inquiry turns on the totality of factors. *See Hubbard*, 538 F.3d at 233 ("[W]e do not assay separately each of the institutional practices, but instead look to the totality of the conditions.").

Therefore, the Court will dismiss the conditions of confinement claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, because it is possible that Plaintiff may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend the conditions of confinement claims.

### F. Religion

Plaintiff was housed at the HRYCI during the month of Ramadan and Plaintiff, who is Muslim, alleges that he was denied the right to engage in the religious practice of fasting. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. The Free Exercise Clause of the

8

First Amendment prohibits prison officials from denying an inmate "a reasonable opportunity of pursuing his faith." *See Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). Secular beliefs are not protected by the Free Exercise Clause, and "[o]nly beliefs which are both sincerely held and religious in nature are protected under the First Amendment." *Sutton v. Rasheed*, 323 F.3d 236, 251 (3d Cir. 2003) (citation and internal quotation marks omitted).

Here, Plaintiff does little more than make a conclusory statement that he was denied free religious exercise. Other than to allege that he was not allowed to fast, he provides no facts sufficient to support his bald claim. In addition, the Complaint fails to allege that any individual "'placed a substantial burden on the observation of a central religious belief or practice.'" *Witcher v. Kerestes*, 410 F. App'x 529, 532 (3d Cir. Jan. 31, 2011).

Therefore, the Court will dismiss the religion claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave file an amended complaint as to this claim.

## V. CONCLUSION

Plaintiff will be allowed to proceed with the § 1983 unlawful arrest and excessive force claims against Corporal William T. Harris.[2] The Court will dismiss the remaining Defendants and claims as frivolous, for failure to state a claim upon which relief may be granted, and based upon certain Defendants' immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii). Plaintiff will be given leave to amend the conditions of confinement and religion claims.

An appropriate order will be entered.

---

[2] When a plaintiff alleges excessive force during an arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures. *See Tolan v. Cotton*, __U.S.__, 134 S.Ct. 1861, 1865 (2014). Similarly, Plaintiff's wrongful arrest claim is analyzed under the Fourth Amendment. *See Berg v. County of Allegheny*, 219 F.3d 261, 269-70 (3d Cir. 2000).

9