IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSES J. WILLIAMS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 15-343-LPS |
| CORPORAL WILLIAM T. HARRIS, | : |
| Defendant. | : |

Moses J. Williams, Middletown, Delaware, Pro Se Plaintiff.

Michael F. McTaggart, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

September 5, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Moses J. Williams ("Plaintiff") filed this civil rights action on April 29, 2015, pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears *pro se* and has been granted *in forma pauperis* status. On August 7, 2017, the Court ordered Plaintiff to show cause why this matter should not be dismissed for his failure to prosecute, pursuant to D. Del. LR 41.1. (*See* D.I. 28) Plaintiff timely filed a response to the Order. Nevertheless, for the reasons that follow, the Court will dismiss the action for failure to prosecute.

## II. BACKGROUND

Following screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff was allowed to proceed with § 1983 unlawful arrest and excessive force claims against Defendant Corporal William T. Harris ("Defendant"); all other Defendants and remaining claims were dismissed as frivolous, for failure to state a claim upon which relief may be granted, and/or based upon certain Defendants' immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

Prior to the entry of the August 7, 2017 show cause order, the last action taken by Plaintiff occurred on April 25, 2016, when he appeared for his deposition. (*See* D.I. 23) At that time, Plaintiff stated on the record that he was only pursuing the illegal or false arrest claim. (*See* D.I. 27 at 64) ("the only thing I'm pursuing right now at this point . . . is unlawful arrest. That's it.") On October 3, 2016, Defendant filed a motion for summary judgment as to that claim under the doctrine of qualified immunity. (*See* D.I. 25, 26) When Plaintiff had taken no action in this matter as of August 7, 2017 (including failing to oppose the motion for summary judgment), the Court entered a show cause order why the action should not be dismissed for Plaintiff's failure to

1

prosecute. (D.I. 28) On August 17, 2017, Plaintiff filed a request for admissions directed to Defendant. A few days later, he filed a response to the show cause order. (D.I. 30)

In his response, Plaintiff states that his failure to oppose the motion for summary judgment was not the result of delay or a failure to prosecute. He also states that Defendant misunderstood his deposition testimony and, it now appears, he seeks to reinstate all previously dismissed claims and defendants. It also appears that he seeks additional discovery so that he may oppose Defendant's claim of qualified immunity. He asks that the case not be dismissed and that he be given additional time to file a response to the motion for summary judgment.

### III. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Under Local Rule 41.1, in a case pending wherein no action has been taken for a period of three months, upon application of any party, and after reasonable notice and opportunity to be heard, the Court may enter an order dismissing the case unless good reason for the inaction is given. *See* D. Del. LR 41.1.

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance the factors

2

and need not find that all of them weigh against Plaintiff to dismiss the action. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

## IV. DISCUSSION

Initially, the Court notes that Plaintiff provided no explanation for his failure to take any action in this case for over a year. He merely states that it was not the result of delay or a failure to prosecute the case.

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff' case. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting (and not prosecuting) his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). During his deposition, Plaintiff stated that he was proceeding on only one claim. Now, 16 months later, he attempts to reinstate all defendants and claims. This change, when discovery has already concluded, hampers Defendant's ability to prepare for trial.

As to the third factor, the Court docket indicates a history of dilatoriness. As noted, Plaintiff did not respond to the motion for summary judgment and, until entry of the show cause order, had taken no action since April 25, 2016 when he appeared for his deposition. In addition, following screening of the Complaint, in the July 30, 2015 order, Plaintiff was given leave to amend within 30 days, which he failed to do, as he instead waited until three months later to file an unsuccessful motion to amend. (*See* D.I. 6, 13, 24) As to the fourth factor, the facts to date lead to a conclusion that Plaintiff's failure to prosecute his claim against Defendants is willful. His response to the show

3

cause order provides no explanation for his failure to take any action in the case. Only Plaintiff can take steps to prosecute the case.

As to the fifth factor, Plaintiff proceeds *pro se* and has been granted *in forma pauperis* status. Hence, it is doubtful that monetary sanctions would be effective. Finally, as to the sixth factor, the merits of the case, the Court has reviewed Defendant's motion for summary judgment and finds his assertion of qualified immunity well-founded based upon the law and the facts.

In light of the foregoing, the Court finds the *Poulis* factors weigh in favor of dismissal.

## V. CONCLUSION

The Court will dismiss the action for Plaintiff's failure to prosecute and will deny as moot Defendant's motion for summary judgment (D.I. 25).

An appropriate Order will be entered.